# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-50659
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Efrain Chapa-Castaneda,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-3008-1

———————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Efrain Chapa-Castaneda appeals his conviction and sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b), arguing for the first time that the recidivism enhancement in § 1326(b) is unconstitutional. The Government has moved for summary affirmance or, alternatively, for an extension of time in which to file an appellate brief. While Chapa-Castaneda

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50659

takes no position on the motion for summary affirmance, he acknowledges his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and seeks to preserve it for possible Supreme Court review.

Chapa-Castaneda is correct that his argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.